BOLIN, Judge.
On January 3, 1967, a $15,000 savings certificate was purchased from First Federal Savings & Loan Association of Winn-field and placed in the name of “Mr. or Mrs. Lee J. Grigsby and/or James Hamilton”. At the time of purchase Mr. and Mrs. Grigsby were married and Mr. Grigs-by bought the certificate with community funds. On June 26, 1967, Mr. Grigsby died and his wife died on July 16, 1967. Each spouse died testate but there was no disposition made of the savings certificate. The succession of Mr. Grigsby was opened and the tableau of distribution was filed listing the certificate as community property and as an asset of the succession. James Hamilton filed an opposition claiming ownership of the certificate. For oral reasons the trial judge overruled the opposition and Hamilton appeals.
Hamilton’s claim is based on an alleged written contract entered into between First Federal and the payees named in the certificate at the time of the purchase. The sole issue is whether the certificate should be included as an asset of the succession of Mr. Grigsby or should be held to belong to James Hamilton.
The pertinent provisions of the contract relied on by opponent are as follows:
“As joint tenants with right of survivor-ship and not as tenants in common, and not as tenants by the entirety, the undersigned hereby apply for a savings account in First Federal Savings and Loan Association of Winnfield and for the issuance of evidence thereof in their joint names described as aforesaid. You are directed to act pursuant to any one or more of the joint tenants’ signatures, shown below, in any manner in connection with this account and, without limiting the generality of the foregoing to pay, without any liability for such payments, to any one or the survivor or survivors at any time. * * * It is agreed by the signatory parties with each other and by the parties with you that any funds placed in or added to the account by any one of the parties are and shall be conclusively intended to be a gift and delivery at that time of such funds to the other signatory party or parties to the extent of his or their pro rata interest in the account.”
The thrust of appellant’s argument is that this is a suit on a contract; that by the *834 provisions oí the contract Hamilton became the owner of the certificate upon the death of Mr. and Mrs. Grigsby; and that the power of parties to contract is limited only by Louisiana Civil Code A/ticle 2031, which provides :
“Every condition of a thing impossible, or contra bonos mores (repugnant to moral conduct) or prohibited by law, is null, and renders void the agreement which depends on it.”
The only Louisiana statute cited authorizing payment to alternative persons under similar savings certificates is La.R.S. 6:751:
“When shares have been subscribed for, or shall hereafter be subscribed for, or when any certificate of any class or evidence of indebtedness shows the investment of funds in any association, in the names of two or more persons, payable to either, or payable to either or some of the survivors, such funds or any part of them or any interest or dividend on them may be paid, on due delivery of the certificate, book, or other evidence of indebtedness, to either of the persons, whether the other or others are living or not; and the receipt or acquittance of the person paid is a complete release and discharge of the association for any payment made, with respect to anyone.”
This statute is solely to protect the associations making payments of accounts listed in alternative names and makes no change in the laws relating to inheritance or donations inter vivos or donations mortis causa. In Re Mulqueeny’s Succession, 156 So.2d 317 (La.App. 4 Cir. 1963 writ den.). The later case of Succession of Mulqueeny, 248 La. 659, 181 So.2d 384 (1965) has no application to the question here presented.
Counsel for appellant concedes in brief the savings certificate is an “incorporeal thing”. It was undisputed that Mr. Grigs-by did not make a donation mortis causa of the certificate to Hamilton in conformity . to the Louisiana law. Therefore, we think that any act purporting to transfer ownership of the savings certificate to Hamilton must comply with the following articles of the Louisiana Civil Code :
Art. 1468:
“A donation inter vivos (between living persons) is an act by which the donor divests himself, at present and irrevocably, of the thing given, in favor of the donee who accepts it.”
Art. 1536:
“An act shall be passed before a notary public and two witnesses of every donation inter vivos-of immovable property or incorporeal things, such as rents, credits, rights or actions, under the penalty of nullity.”
Art. 1538:
"A donation inter vivos, even of movable effects, will not be valid, unless an act be passed of the same, as is before prescribed.
“Such an act ought to contain a detailed estimate of the effects given.”
Art. 1539:
“The manual gift, that is, the giving of corporeal movable effects, accompanied by a real delivery, is not subject to any formality.”
As the above articles were not complied with, any provisions of the contract in conflict therewith are null and Hamilton acquired no title to the savings certificate. The argument as to the legal effect flowing from a “joint tenancy” under the common law is not relevant in the face of positive Louisiana law on the subject.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.